UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY SUPERIOR COURT, et al.,<br><br>  Defendants. | Case No. 20-cv-02273-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff seeks money damages with respect to improprieties concerning his conviction and interference with his attempts to challenge the conviction. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id*. at 487.

The United States Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. *Id.* at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the

nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Thus, state actors are granted absolute immunity from damages liability in suits under § 1983 only for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. *Miller*, 335 F.3d at 897.

Plaintiff alleges that he signed a plea agreement to serve 39 months but the abstract of judgment was altered without his knowledge, and reflects the term is only 16 months. Plaintiff states he has sought judicial review of his conviction, but his attempts have been thwarted by court staff. Presumably, plaintiff feels he should have been released from custody by this time. He names as defendants many judicial employees of the San Mateo County Superior Court.

To the extent plaintiff seeks money damages regarding his underlying conviction, his claim is barred by *Heck*. Plaintiff has not shown that his conviction has been reversed or expunged. Plaintiff has presented only a few allegations concerning how court staff interfered with his challenges to his conviction. The complaint is dismissed, and plaintiff will be provided one opportunity to amend. He must identify specific defendants and describe how they violated his constitutional rights in light of the legal standards set forth above.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

1  Civil Procedure 41(b).

2  **IT IS SO ORDERED.**

3  Dated: June 16, 2020

                                                                                          _____
                                                                                          JAMES DONATO
                                                                                          United States District Judge